**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ORLANDO D. DUGGINS, #29303-037          *

Petitioner                                            *

v                                                         *          Civil Action No. WMN-09-2823
                                                                       (Rel. Crim. Action  No. WMN-93-18
                                                          *

UNITED STATES OF AMERICA          *

Respondents                                        *
                                                        ***

**MEMORANDUM**

Pending is a Petition for Writ of Error Audita Querela filed pro se by Orlando D. Duggins, an inmate confined at the Federal Correctional Institution in Minersville, Pennsylvania. After careful review of the Petition and applicable law, the court will deny relief by separate order.

**Background**

In 1993, Duggins was convicted by a jury of conspiracy to distribute heroin and related firearms offense. The court sentenced him to a 360-month term of imprisonment.   Judgment was affirmed on appeal. *See United States v. Duggins*, 129 F.3d 1260 (4th Cir. 1997).   Duggins moved to vacate under 28 U.S.C. § 2255, and his motion was denied on November 1, 1999.  The Fourth Circuit denied his request for authorization to file a successive application for §2255 relief.

Duggins filed this Petition for Writ of Auditia Querela on October 21, 2009,  asserting that his sentence violates the holding in *United States v. Booker*, 543 U.S. 220 (2005), and resentencing is warranted.   Additionally, he asserts that he was not properly credited at

sentencing for time served in state custody.

### Discussion

In *Booker*, the Supreme Court held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. Duggins posits that because *Booker* is not retroactive, and does not apply to federal collateral proceedings where, as here, the conviction became final before *Booker* was decided, *see United States v. Morris*, 429 F.3d 65 (4th Cir. 2005), there is a gap in available post-conviction remedies, thereby justifying use of the writ.

Duggins also relies on *Kessack v. United States,* 2008 WL 189679 (W. D. Wa 2008), which suggested that the Writ of Audita Querela might be used "to achieve justice in extraordinary situations" where other post-conviction remedies are unavailable. *Id*. at *6. In *Kessick*, the United States District Court for the Western District of Washington granted the writ and ordered resentencing under 18 U.S.C. § 3582(c)(2) "because *Booker* announced a new rule of constitutional law that was unforeseeable at the time of his resentencing, appeal and habeas petitions." *Id.*

*Kessack* is neither persuasive nor binding precedent upon this court.[1] Further, Duggins fails to demonstrate extraordinary circumstances or that other post-conviction remedies are

---

[1] This court and other federal district courts have concluded similarly. *See e.g. Oriakhi v. United States*, Civil Action No. PJM-08-893, 2008 WL1781017; (D. Md. 2008); *Luna v. United States*, 2009 WL 2351716 (E.D. Cal. 2009); *Lovett v. United States*, 2009 WL 2998962 (D. N.J. 2009); *Walters v. United States*, 2009 WL 2599330 (S.D. W. Va 2009).

unavailable.[2]   A motion to vacate, set aside or correct under 28 U.S.C. § 2255 is the presumptive means for a federal inmate to collaterally attack his sentence.  *See Davis v. United States*, 417 U.S. 333, 343 (1974).  In fact, Duggins acknowledges in his Petition that audita querela is not available to challenge a conviction or sentence where claims could have been raised pursuant to 28 U.S.C. § 2255.  Petition, p. 12.

The All Writs Act is a residual source of authority where relief is otherwise unavailable. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996); *see also United States v. Valdez-Pacheco*, 237 F.3d 1077, 679 (9th Cir. 2001) (courts have limited audita querela to instances in which there are gaps in the framework of federal post-conviction relief for which no other remedy is available).  Where, as here, a petition clearly challenges the validity of a petitioner's underlying sentence, a § 2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332-33(4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.1997) (en banc). Resorting to the residual authority of the All Writs Act is unnecessary and improper. Because Duggins has filed a previous § 2255 motion, he must first obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 petition to present his claims for collateral relief. The procedural requirements in the federal habeas statute do not render the remedy under § 2255 inadequate or ineffective. *See* 28 U.S.C. 2244(b)(3)(A);  *Jones*, 226 F. 3d at 333; *Valdez-Pacheco*, 237 F.3d at 1080.  In sum, the Writ of Audita Querela will not lie.

---

[2] The writ cannot be obtained on purely equitable grounds. *See Muirhead v. Attorney Gen. of U.S.*, 262 F. App'x. 473, 474 (3d Cir.2008); *United States v. LaPlante*, 57 F.3d 252, 253 (2d Cir.1995); *United States v. Holder*, 936 F.2d 1, 5 (1st Cir.1991).

**Conclusion**

There is no cause to grant relief under the Writ of Audita Querela. The Petition will be denied by separate order.

**/s/**

 11/12/09
Date

_____
William M. Nickerson
United States District Judge

4